EDWARD F. KRAUSE, APPELLEE, v. ALBERT NAIMAN ET AL.,
APPELLEES; MARY BOHLMEYER ET AL., APPELLANTS.

FILED MARCH 30, 1918. No. 19884.

Life Estates: INCUMBRANCES: PAYMENT BY LIFE TENANT. "Where a
life tenant of real estate pays off a past due incumbrance which
is a lien upon the entire estate, he is entitled to contribution
from the remainderman, and should recover from him the dif-
ference between the principal debt and the present value of an
annuity equal to the annual interest charge running during the
years which constitute the life tenant's expectancy of life."
*Draper v. Clayton*, 87 Neb. 443.

APPEAL from the district court for Thayer county:
LESLIE G. HURD, JUDGE. *Affirmed in part, and remanded,
with directions.*

*W. E. Goodhue* and *W. G. Hastings*, for appellants.

*M. H. Weiss, W. C. Weiss, J. T. McCuistion, J. J.
Burke, J. P. Baldwin* and *C. L. Richards*, contra.

MORRISSEY, C. J.

This is a suit to impress a lien upon a quarter sec-
tion of land. In 1891 Thador Naiman purchased a
quarter section of land in Thayer county, which was then
mortgaged for $1,600 to the Mutual Benefit Life In-
surance Company. As part of the purchase price he
assumed and agreed to pay this mortgage. He departed
this life in 1894, intestate, leaving surviving him his
widow, Mathilda Naiman, and four minor children. The
widow married one Henry Koch. Koch was appointed
administrator of the Naiman estate, and obtained
license to sell the real estate at administrator's sale.
He made the sale to his wife, Mathilda Koch, formerly
Mathilda Naiman. She took the title subject to the
mortgage mentioned. Mathilda Koch and her husband
subsequently conveyed the real estate by warranty deed
to Henry Bohlmeyer, subject to the $1,600 mortgage.
Bohlmeyer subsequently procured a loan from the Con-

servative Investment Company, and with the proceeds thereof paid the original mortgage of $1,600 held by the Mutual Benefit Life Insurance Company, and also paid a $500 mortgage which he had given to Mrs. Koch as part of the purchase price. Henry Bohlmeyer died, leaving several minor children. A guardian was appointed, who, under license from the court, borrowed $1,000 from this plaintiff, which was used in payment of a balance then due and owing on the mortgage which Henry Bohlmeyer in his lifetime had given to the Conservative Investment Company. At the time of these various transactions all parties believed that Henry Bohlmeyer had taken good title to the real estate under his deed from Mathilda Koch and her husband. Subsequently suit was brought to have that deed set aside because the land conveyed was the homestead of Thador Naiman and his family and was not subject to his debts. The case finally reached this court, where it was held that the deed was void so far as the conveyance of the fee was concerned, and that Bohlmeyer took nothing but the life estate of Mathilda Koch.

There is no dispute as to the facts alleged in plaintiff's petition. The money he loaned was used to discharge the debt which rested against the fee title. He asked that the mortgage releases which had theretofore been filed be set aside and canceled, and that he be subrogated to the rights of the original mortgagee. The court granted this relief. The Bohlmeyer heirs appeal.

Appellants' brief is not written in compliance with our rules, and under some circumstances would be disregarded.

Plaintiff should recover the money he advanced to pay off the indebtedness on this farm. Appellants have an estate for the life of Mary Bohlmeyer, and the Naiman heirs have a reversionary interest. The decree made plaintiff's mortgage a first lien on the life estate, and reserved for future adjudication the issues between the life tenants and the remaindermen. We

are of opinion that the amount chargeable to each should be settled by this decree, and if the life tenants are called upon to pay the whole in order to protect their interests they will have a right to contribution from the remaindermen and a lien upon the real estate for the amount.

The judgment is affirmed in so far as it gives plaintiff the relief prayed, but remanded, with directions to determine the issues between the tenants and the remaindermen.

JUDGMENT ACCORDINGLY.

SEDGWICK, J., not sitting.